Simpson A. Patterson *v.* William J. Craig.

opinion that there is no error in the record, and the judgment will be affirmed.

<hr>

## SIMPSON A. PATTERSON *v.* WILLIAM J. CRAIG.

EXECUTOR. *Title bond signed by, as such. Renders him personally liable. When.* An executor sold land belonging to the estate of his testator, and gave a title bond in these words: "I, Wm. J. Craig, executor of the last will and testament of Aaron J. Gilmore, deceased, am held and firmly bound, etc., for the payment of which, well and truly to be made, I bind myself, my heirs, executors, administrators, etc." Signed as executor.

*Held*, The words, "executor of the last will and testament of Aaron J. Gilmore, deceased," are not descriptive of the person, and since he did not limit his liability to a provision or obligation to pay "out of the assets of his testator's estate," or any similar limitation, it must follow that it is a personal obligation without limitation.

Cases cited: Story on Agency, 166, 273; 1 Parsons on Con., p. 128; 2 Wheaton, 4; 1 Yerg., 145; 7 Hum., 413.

<hr>

FROM GILES.

<hr>

Appeal from the Circuit Court. J. G. WALLACE, Special Judge.

N. SMITHSON for Patterson.

T. M. JONES & SON and McCOLLUM · & SON for Craig.

McFARLAND, Judge, delivered the opinion of the Court.

A demurrer was sustained to the declaration, from which the plaintiff has appealed in error. The action

is covenant, upon the following obligation: "Know all men by these presents, that I, Wm. J. Craig, of the County of Giles, and State of Tennessee, executor of the last will and testament of Aaron J. Gilmore, deceased, am held and firmly bound unto Simpson A. Patterson, of said county and State, in the penal sum of nine thousand and forty-eight dollars, for the payment of which, well and truly to be made, I bind myself, my heirs, executors and administrators, jointly and severally, firmly, by these presents. Sealed with my seal, and dated this 25th of December, 1858. The condition of the above obligation is such that, whereas, the said Simpson A. Patterson, on the 25th of December, 1858, purchased of me, as the executor of the last will and testament of said Aaron J. Gilmore, deceased, for the sum of four thousand five. hundred dollars (which need not be here set forth), a certain tract of land belonging to the estate of said Aaron J. Gilmore, deceased, in Giles County, Tennessee." (The description of which we omit.) "Now, if said executor make, or cause to be made, to the said Simpson A. Patterson, his heirs or assigns, a good and sufficient title in fee simple, with general warranty, to said tract, on the making of the last payment, then this obligation to be void, otherwise to remain in full force and virtue. Signed, Wm. J. Craig, executor of A. G. Gilmore. [Seal.]"

The declaration avers that the several payments were made as stipulated, except the last, which was tendered. The breach of the covenant assigned is

that the defendant failed and refused to make the title; that, in fact, he could not do so, as subsequently to the sale to the plaintiff the land had been sold by a decree in Chancery, for the payment of purchase-money due from said Gilmore in his lifetime. The ground of the demurrer, in substance is, that the action is against the defendant, in his individual capacity, while the bond binds him as the executor of the will of Gilmore, and that he should have been sued in his representative capacity.

The general principle is, that an agent or attorney, executing a contract or obligation on behalf of a principal, must purport to bind his principal, or the agent or attorney will himself be bound. Story on Agency, 166, 273. The case of an executor or administrator stands upon a somewhat different principle. In executing a bond or obligation to pay money, they have no principal to bind, and if the obligation purports to bind them, without qualification or limitation, then they must be held so bound. If an executor or administrator make a note or bill, and sign it as executor or administrator, he is personally liable, unless he expressly limit his promise by the words, "out of the assets of my testator's estate," or, "if the assets be sufficient," or in some equivalent way. 1 Parsons on Con., p. 128. In *Duval* v. *Craig et al.*, 2 Wheaton, 4 Land Reports, Judge Story said: "The authorities are very elaborate on the subject. An agent or executor who covenants in his own name, and yet describes himself as agent or executor,

is personally liable, for the obvious reason that the one has no, principal to bind, and the other substitutes himself for his principal." See *Erwin & Bass* v. *Carroll*, 1 Yerg., p. 145. *Sypert* v. *Sawyer*, *Ex'r*, 7 Hum., 413, was a case where relief was sought in equity against Sawyer, who had executed a bill of sale warranting a slave to be sound and healthy, signing the same as executor of Wm. Smith, deceased. The Court held, that as there was no fraud in the warranty, the remedy was at law, and since there is nothing in the objection taken to this, upon the ground that the defendant warranted as executor, and is, therefore, responsible in equity, because he is a trustee and has a right, as such, to have the whole matter heard in Chancery, where he can have compensation, if made responsible upon his warranty, against the estate. The warranty is a personal covenant for which the executor is personally responsible, although he execute it as executor, and is, therefore, liable at law. What might be his right against the estate, when he has been held personally responsible, we do not at present deem it proper to determine." We have seen the form of the obligation in this case: "I, Wm. J. Craig, executor of the last will and testament of Aaron J. Gilmore, deceased, am held and firmly bound, etc., for the payment of which, well and truly to be made, I bind myself, my heirs, executors, administrators, etc., etc." (Signed as executor.) Under the authorities referred to, the words "executor of the last will and testament of Aaron

J. Gilmore, deceased," are not descriptive of the person, as he could not bind a subsequent representative of the estate. He could only bind himself, and he does not limit his liability to a promise or obligation to pay " out of the assets of his testator's estate," or any similar limitation. It must follow that it is a personal obligation without limitation. It is true that we gather from the entire contract that the land belonged to the estate of Gilmore, that the defendant does not seem to have had any personal interest in the matter, and there is an apparent hardship in holding him personally liable thereon, but this is perhaps more apparent than real. If the plaintiff refused to advance his money, upon the purchase of the land, except upon the personal obligation of the defendant, and the defendant chose to so obligate himself, there can be no hardship in holding him liable. If the defendant be held liable upon this obligation, he can, doubtless, in equity, obtain compensation from the estate of his testator, to the extent of the benefit that has accrued to it by reason of the purchase-money paid by plaintiff. If the assets of the estate have passed beyond his control, it may result in loss to him; but, on the other hand, in this event the loss must fall either upon the defendant personally or upon the plaintiff; and, as the money advanced by the plaintiff passed under the control of the defendant upon the faith of his personal obligation, the law would throw the loss upon him. At all events, we are of opinion that the

authorities determine the question in favor of the plaintiff, and the judgment will be reversed.